IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Debra Laverne Ferguson, | ) | C/A No. 9:18-cv-1530-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On March 19, 2019, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 13. On March 22, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on April 3, 2019. ECF Nos. 14, 16. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

On September 15, 2014, Plaintiff filed an application for SSI, alleging disability beginning May 2, 2009, due to back problems. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 26, 2017. The ALJ denied Plaintiff's application in a decision issued August 29, 2017. The Appeals Council denied Plaintiff's

request for a review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming the Magistrate Judge erred in finding that the ALJ had properly accounted for her need to use a cane in determining her Residual Functional Capacity ("RFC"). The Report comprehensively details the various medical source statements and records relating to Plaintiff's need for a cane to help with ambulation. While the Court acknowledges that there is medical evidence supporting Plaintiff's need for a cane, there is medical evidence to the contrary as well. The ALJ has the obligation to discuss and consider all relevant medical evidence, and the Court's review of the ALJ's opinion indicates that has occurred in this case. While a RFC requiring the use of a cane may be justified under the facts of this case, the Court cannot reweigh the evidence and must affirm an ALJ's opinion if it is supported by substantial evidence and does not contain an error of law. While the Court may have fashioned a different RFC if it was reviewing this case de novo, it must affirm the ALJ's decision under the deferential standard of review prescribed by Congress.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2019
Spartanburg, South Carolina